## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

ROCKY MOUNTAIN CHOCOLATE FACTORY, INC., a Colorado corporation

      Plaintiff,

v.

BRUCE E. BLACKMER, individually
CANDICE L. BLACKMER, individually
AARON L. BLACKMER, individually
RACHELLE A. BLACKMER, and
ARCB, LLC, a Washington limited liability company

      Defendant(s).

---

## COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, DAMAGES, AND OTHER RELIEF

---

Plaintiff, Rocky Mountain Chocolate Factory, Inc. ("RMCF"), by counsel, Moye White, LLP, and for its Complaint for Preliminary and Permanent Injunctive Relief, Declaratory Judgment, Damages and Other Relief ("Complaint") against Defendants Bruce E. Blackmer, Candice L. Blackmer, Aaron L. Blackmer, Rachelle A. Blackmer, and ARCB, LLC (collectively, "Defendants"), states as follows:

### NATURE OF THE ACTION

1.    This is an action brought under the trademark laws of the United States for infringement, false designation of origin and unfair competition, and under Colorado state law for breach of contract and misappropriation of trade secrets. Defendants have used and continue to use RMCF's federally protected trademarks, licenses, and business methods, causing immediate

and irreparable harm to RMCF's franchise system. RMCF seeks, among other things, an injunction: (i) enjoining Defendants and those acting in concert with them from the wrongful and unlawful use of RMCF federally registered trademarks and proprietary methods, and (ii) enforcing Defendants' pre- and post-termination obligations set forth in both Franchise Agreements (as defined below) entered into by and between Defendants and RMCF.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1339 and under 15 U.S.C. § 1121(a), which provides original jurisdiction in all actions arising under the Lanham Act. The Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

3.    Defendants are subject to personal jurisdiction in this District because Defendants have directed communications and engaged in substantial business dealings with RMCF in this District, have misappropriated intellectual property and proprietary trade secrets originating from and located in this District, and has caused loss and economic injury to RMCF in this District. Additionally, Defendants' contacts with Colorado arise from or are directly related to the cause of action set forth in this Complaint.

4.    Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and because a substantial part of the property that is the subject of the action is situated in this District.

5.    Venue is proper in this judicial district because the parties agreed under § 22.1 of the Franchise Agreements expressly agreed to jurisdiction and venue in this Court. Specifically, the Franchise Agreement provides that the exclusive venue for dispute between the parties "shall be in the state courts in La Plata County, Colorado and federal courts located in Colorado and each

waive any objections they may have to the personal jurisdiction of or venue in the state courts in
La Plata County and federal courts located in Colorado."

### PARTIES

6.      RMCF is a Colorado corporation with its principal place of business in Durango,
Colorado. RMCF grants franchises to qualified persons to develop and operate Rocky Mountain
Chocolate Factory Stores ("RMCF Stores") using a unique business format, systems of operations,
and proprietary names and marks, right to others, pursuant to written franchise agreements, to
develop and operate Rocky Mountain Chocolate Factory Stores ("RMCF Stores") using its
proprietary methods of doing business, as well as certain trademarks, service marks, and other
indicia of origin.

7.      Upon information and belief, ARCB, LLC is a limited liability company with its
principal place of business in Spokane, Washington. At all relevant times, ARCB, LLC was
authorized to conduct business under the laws of Washington.

8.      Upon information and belief, Bruce Blackmer is a citizen and resident of the State
of Washington.

9.      Upon information and belief, Candice Blackmer is a citizen and resident of the State
of Washington.

10.     Upon information and belief, Aaron Blackmer is a citizen and resident of the State
of Washington.

11.     Upon information and belief, Rachelle Blackmer is a citizen and resident of the
State of Washington.

## RMCF'S LICENSED METHODS AND REGISTERED MARKS

12.     RMCF has developed and are the sole and exclusive owner of unique and uniform system (the "Licensed Methods") relating to the establishment, operation, and promotion of retail stores selling gourmet chocolates and other premium confectionery products.

13.     RMCF has spent considerable time and resources developing the Licensed Methods, which comprise distinctive techniques, expertise, knowledge, and training in establishing, operating, and promoting retail stores and related licensed methods of doing business, including recipes, ingredients, and methods for preparing RMCF's gourmet chocolates and other premium confectionery products, as well as the distinctive trade dress utilized in RMCF retail stores. The Licensed Methods include information not known outside of RMCF, and which would be expensive and difficult for RMCF competitors to acquire and duplicate.

14.     Specifically, RMCF has extensively used certain trademarks, service marks, trade names, logos, emblems and indicia of origin, including but not limited to the names and marks ROCKY MOUNTAIN CHOCOLATE FACTORY and RMCF (the "RMCF Marks"), for the purpose of identifying the source, origin and sponsorship of RMCF and its products and services. The use of the Marks also distinguishes RMCF stores, products and services from those of others.

15.     The RMCF Marks are registered on the Principal Register of the United States Patent Office. The registrations of the Marks continue in full force and effect, and all those eligible are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

16.     RMCF has advertised and promoted RMCF Stores and the products and services it offers under the Marks throughout the United States. As a result of such efforts and the considerable money spent in connection therewith, the products offered by RMCF and its

franchisees under the RMCF Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States, including the State of Washington.

17.    RMCF has also developed the "look and feel" of its RMCF Stores through color schemes, design layout and features, display cases and other furniture and fixtures, labels and signage, point of purchase materials and related items. This trade dress distinguishes RMCF Stores from other competing chocolate stores and is non-functional.

18.    The Licensed Methods are confidential and proprietary, and parts of the Licensed Methods (such as recipes, ingredients, and methods for preparing RMCF's gourmet chocolates and other premium confectionery products), as well as the Licensed Methods taken as a whole, constitute trade secrets. RMCF takes considerable efforts to protect the confidentiality of the Licensed Methods, including by incorporating provisions in its franchise agreements for the protection of such information, and requiring franchisees and their agents and associates to execute confidentiality and noncompetition agreements.

### THE PARTIES' TWO WRITTEN FRANCHISE AGREEMENTS

19.    On March 14, 2011, RMCF and Defendants entered into a written franchise agreement (the "Kiosk Franchise Agreement"). *See* Exhibit A. The Kiosk Franchise Agreement concerns a franchise located at 345 Riverpark Square, 808 West Main, Spokane, Washington 99201 ("Kiosk Store").

20.    On September 13, 2018, RMCF and Defendants entered into a written franchise agreement (the "Spokane Franchise Agreement"). *See* Exhibit B. The Store Franchise Agreement concerns a franchise located at 1330 North Argonne Road, Suite C, Spokane Valley, Washington

99212 ("Spokane Store").

21.    Pursuant to both Franchise Agreements, RMCF granted Defendants the right to operate RMCF Stores (the Kiosk Store and the Spokane Store) and a license to use the Licensed Methods and Marks in connection therewith. Defendants agreed to use the Licensed Methods and Marks "only in accordance with the terms and conditions of [the Franchise] Agreement." *See* Exhibits A and B, § 2.1.

22.    Under the terms of both Franchise Agreements, Defendants were to operate the Kiosk Store and Spokane Store for a period of ten (10) years. *See id.* at § 17.1.

23.    Also under the terms of both Franchise Agreements, Defendants expressly acknowledged (i) that their license to use the RMCF Marks applied only to their use of those marks in connection with the operation of RMCF Stores; (ii) that "such Marks shall remain under the sole and exclusive ownership and control of the Franchisor [RMCF];" and (iii) that they had "not acquired any right, title or interest in such Marks except for the right to use the Marks in the operation of [their] [RMCF] Store as it is governed by [the Franchise] Agreement." *See id.* at § 14.1.

24.    Defendants also acknowledged that "the layout, design, decoration, and color scheme of [RMCF Stores, *i.e.*, trade dress] are integral part of Franchisor's [RMCF's] proprietary Licensed Methods, and agreed that "the Marks, or any other name, symbol, or identifying marks on any signs, shall be used only in accordance with Franchisor's [RMCF's] standards and specifications and only with the prior written approval of Franchisor [RMCF]." *See id.*, §§ 5.2, 5.3.

25.    Defendants further acknowledged RMCF's right to protect its distinctive

techniques, expertise, and knowledge in establishing, operating, and promoting restaurants and related licensed methods of doing business, defined as its "Licensed Methods," and expressly acknowledged that the Licensed Methods constitute trade secrets. *See id.* at § 14.3.

26.    In Section 20.3 of both Franchise Agreements, Defendants agreed to take the following steps to protect RMCF's confidential information, the RMCF Marks, and Licensed Methods:

> The Franchisee [Defendants] shall treat all information it receives which comprises or is a part of the Licensed Methods licensed hereunder as proprietary and confidential and will not use such information in an unauthorized manner or disclose the same to any unauthorized person without first obtaining the Franchisor's [RMCF's] written consent. The Franchisee [Defendants] acknowledges that the Marks and the Licensed Methods have valuable goodwill attached to them, that the protection and maintenance thereof is essential to the Franchisor [RMCF] and that *any unauthorized use or disclosure of the Marks and Licensed Methods will result in irreparable harm to the Franchisor [RMCF].*

*See id.* at § 20.3 (emphasis added).

27.    As part of their obligations of both Franchise Agreements, Defendants agreed to pay RMCF "liquidated damages and not as a penalty, for each day that Franchisee [Defendants] is in violating of Sections 18.1 or 18.2 of [the Franchise] Agreement," which includes without limitation deceptive practices, "Franchisee [Defendants] shall pay to Franchisor [RMCF] the sum of $500. *See id.* at §§ 18.2, 18.3.

28.    As part of their obligations under both Franchise Agreements, Defendants agreed to "obtain the Franchisor's [RMCF's] prior written approval before executing any lease or purchase agreement for the Franchised Location," and at all times during the term of [the Franchise] Agreement" to keep their RMCF Store "open during the business hours designated by

7

the landlord and retail venue." *See id.* at §§ 5.1, 10.1(n).

29.     Defendants also agreed to "not engage in a transfer[, including without limitation the Defendants voluntary assignment of any interest in the Franchise Agreement,] unless the Franchisee [Defendants] obtain[] the Franchisor's [RMCF's] written consent and the proposed transferee comply with" certain conditions. *See id.* at §§ 16.1, 16.2.

30.     In addition, Defendants agreed to abide by all restrictive covenants set forth in both Franchise Agreements, including a covenant not to compete during the term of both Franchise Agreements. *See id.* at § 20.1.

31.     Specifically, under Section 20.1, Defendants agreed, among other things, that they would not, during the term of both Franchise Agreements, (a) have any direct or indirect interest as a disclosed or beneficial owner in a "Competitive Business"; (b) perform services as a director, officer, manager, employee, etc. for a Competitive Business; or (c) divert or attempt to divert any business to any Competitive Business." *See id.*

32.     In the event Defendants failed to comply with certain terms of both Franchise Agreements, RMCF had the right to terminate those agreements. As relevant here, RMCF had the right to immediately terminate the applicable Franchise Agreement if Defendants "cease[ed] to operate the ROCKY MOUNTAIN CHOCOLATE FACTORY Store for a period of five consecutive days, or any shorter period that indicates an intent by the Franchisee [Defendants] to discontinue operation of the ROCKY MOUNTAIN CHOCOLATE FACTOR Store…." *See id.* at § 18.1(a).

33.     Further, Defendants acknowledged RMCF's right to terminate the Franchise Agreement in the event Defendants default on the terms of "any other Franchise Agreement

between the Franchisor [RMCF] and the Franchisee [Defendants]." *See id.* at 18.2(e).

34.    Upon termination of both Franchise Agreements, the applicable Defendants expressly agreed that they would, among other things:

a.    Pay all Royalties and other amounts then owed RMCF or its affiliates pursuant to the agreement or otherwise;

b.    Cease to identify themselves as a RMCF franchisee or use any of the RMCF Marks, trade secrets, signs, symbols, devices, trade names, or other materials of RMCF and its affiliates;

c.    Immediately cease to identify the Pete & Belle's store as being, or having been associated with RMCF, and immediately cease using any proprietary mark of RMCF or any mark in any way associated with the RMCF Marks or Licensed Methods;

d.    Deliver to RMCF all signs, sign-faces, advertising materials, forms and other materials bearing any of the RMCF Marks or otherwise identified with RMCF;

e.    Immediately deliver to RMCF the operations manual and all other information, documents and copies thereof which are proprietary to RMCF;

f.    Promptly take any such action as may be required to cancel all fictitious names or assumed names or equivalent registrations relating to the use of the RMCF Marks;

g.    Notify the telephone company and all telephone directory publishers of the termination or expiration of their right to use any telephone number and any regular, classified or other telephone directory, and authorize the transfer thereof to RMCF; and

h.    Abide by all restrictive covenants set forth in Section 20, including the post-termination covenant not to compete.

*See id*. at § 18.5.

35.     Under the post-termination covenant not to compete, Defendants acknowledged and agreed that neither they nor their agents would, for a period of two (2) years, have any direct or indirect interest in any Competitive Business (as previously defined) located or operating within a ten (10) mile radius of their former franchised location or within a ten mile radius of any other RMCF Store. *See id.* at § 20.2.

36.     Moreover, in the event of any dispute between the parties, the non-prevailing party will pay the prevailing party, among other things, all reasonable attorneys' fees incurred by the prevailing party in any legal action or other proceeding as a result of such dispute, including without limitation default of the Franchise Agreements. *See id.* at § 22.8.

<u>**TERMINATION OF THE FRANCHISE AGREEMENTS**</u>

A.     <u>**The Termination of the Spokane Franchise Agreement.**</u>

37.     In February 2020, Defendants notified RMCF of their intention to permanently close, and cease to operate, the Spokane Store—less than two years into a ten-year term of Defendants' franchise obligations.

38.     Accordingly, in February 2020, Defendants terminated the Spokane Franchise Agreement by notifying RMCF of their intention to cease operation of the Spokane Store.

39.     In addition, Section 18.1(a) of the Spokane Franchise Agreement provides that a franchisee is immediately terminated for abandonment for failure to operate the franchise location for a period in excess of five consecutive days.  Defendants herein have closed the Spokane Store, failed to operate it since closing the Spokane Store and failed to operate it as a RMCF franchise location since February 2020.

**B.**      **The Termination of the Kiosk Franchise Agreement.**

40.      The Kiosk Franchise Agreement was effective for a term of ten (10) years.  By its terms, the Kiosk Franchise Agreement expired by its terms on March 14, 2021 and pursuant to Section 17.1 of the Kiosk Franchise Agreement.

41.      In Section 17.2, the Kiosk Franchise Agreement provides that if a franchisee continues to operate following the expiration of the franchise agreement that franchisee is deemed to be operating month to month, and following 90 days after the franchise agreement expires, the franchisee is subject to termination by notice.

42.      The Kiosk Store and the Kiosk Franchise Agreement are terminated by notice, and following this termination, Section 17.2 of the Kiosk Franchise Agreement specifies that all applicable post-termination obligations apply to the former franchisee.

43.      Despite the termination of the Kiosk Franchise Agreement, Defendants have continued to operate the Kiosk Store and to use the RMCF Mark and Licensed Methods trade secrets in a manner not authorized by RMCF.

## DEFENDANTS' BREACHES OF THE FRANCHISE AGREEMENT

44.      RMCF at all times complied with and fully performed all of its obligations under both Franchise Agreements.

45.      In February of 2020, before the expiration of terms of the Spokane Franchise Agreement, Defendants notified RMCF of their intent to close and the Spokane Store and go out of business.

46.      After ceasing to operate the Spokane Store, Defendants re-branded the store under "Pete & Belle's" and have been operating the store and selling chocolate candy and other products

under the RMCF Marks without authorization from RMCF. Defendants have operated and continue to operate the Pete & Belle's store as if it is a RMCF Store (which it is not).

47.    Through their actions, Defendants are operating a Competing Business using the RMCF Marks, Licensed Methods, trade dress and system at the Pete & Belle's store in violation of both Franchise Agreements.

48.    Upon information and belief, Defendants have been using RMCF's stove, copper pot, and maple paddle in operating a Competing Business to make the same or substantially similar gourmet chocolates and other premium confectionery products as RMCF, including, but not limited to, the Following RMCF products:

    a.   Apples, in all various flavors created by RMCF;

    b.   Toffee, truffles, and creams;

    c.   Fudge;

    d.   Dipped marshmallows, smores, tiger butter, and grasshoppers;

    e.   Dipped pretzels, pretzel rods, Oreos, and grahams;

    f.   Frozen bananas and cheesecakes; and

    g.   Dog bones.

49.    By correspondence dated December 9, 2021, RMCF sent a letter to Aaron and Rachelle Blackmer and Bruce and Candice Blackmer, demanding they cease and desist conduct in violation of both Franchise Agreement. *See* Exhibit C. Defendants refused to comply with the demands.

50.    As of the date of filing this Complaint, Defendants still operated as a RMCF Store and use the RMCF Marks and Licensed Methods in violation of their post-termination obligations.

51.    Defendants' use of the RMCF Marks and Licensed Methods is without license or

consent of RCMF, and has caused or is likely to cause mistake, confusion or deception in the minds of the public as to source, affiliation, and sponsorship of the RMCF Stores. RMCF has not authorized Defendants' infringing/imitating business and their continued operation of the Pete & Belle's store has damaged, and will continue to damage, RMCF.

52.     Although Defendants have decided to unilaterally disassociate themselves from the Spokane Store, they continue to offer the same and similar products as those offered at that location continue to use the RMCF Marks and Licensed Methods, and they continue to offer these products to the same class of consumers who patronize authorized RMCF Stores. Upon seeing the familiar RMCF Marks and Licensed Methods, through Defendants' unauthorized use thereof, consumers will be deceived into concluding that the Pete & Belle's store, and the products and services offered and sold by Defendants, are subject to RMCF's supervision, are sponsored or endorsed by RMCF and bear the RMCF Marks pursuant to RMCF authority and permission.

53.     So long as Defendants and their agents continue to use the RMCF Marks and Licensed Methods, trade dress, as well as other components of the Licensed Methods and RMCF's trade secrets in connection with the operation of the Pete & Belle's store, consumers have no practical way of knowing that store is not affiliated with, sponsored, authorized or endorsed by RMCF. As a result, any consumer dissatisfaction with the Pete & Belle's store, or with the products and services offered in connection therewith, will be attributed to RMCF and RMCF's entire system.

54.     Further, by selling products using the RMCF Marks and Licensed Methods in connection with the Pete & Belle's store, Defendants have misappropriated RMCF's valuable recipes and methods, and have continued to use RMCF's trade secrets in a manner not authorized

by RMCF.

55.     Defendants also have demonstrated that they will not cease use of the RMCF Marks, Licensed Methods, trade dress, and system, and specialty recipes and products.

## FIRST CLAIM FOR RELIEF
### (Lanham Act – Trademark Infringement)

56.     RMCF incorporates their previous allegations as if fully set forth herein.

57.     Defendants' acts, practices, and conduct constitutes use of reproductions, counterfeits, copies, or colorable imitations of the RMCF Marks, and Defendants' sale, offering for sale, distribution or advertising of services under the RMCF Marks, or any designs similar thereto, is likely to have caused and will continue to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(1).

58.     Despite demands that these actions cease, Defendants have continued to infringe the RMCF Marks, which conduct has resulted in irreparable harm to RMCF, including, but not limited to, depriving RMCF of its exclusive right to determine the manner in which its federally registered mark is represented to customers and to control the quality of goods and services identified with the mark, the persons who will be granted RMCF franchises, the procedures and recipes used in operating RMCF franchises and other matters crucial to the proper and uniform operation of a franchise system, which damage is difficult or impossible to quantify. In addition, Defendants' illegal conduct unlawfully exploits the commercial value and goodwill that RMCF, directly or indirectly, has developed in its marks.

59.     RMCF has no adequate remedy at law because the RMCF Marks are unique and represent to the public the identity, reputation, and goodwill of RMCF, such that damages alone cannot fully compensate RMCF for Defendants' misconduct.

14

60.    Unless enjoined by the Court, Defendants and those acting in concert with them will continue to use and infringe the RMCF Marks, to RMCF's irreparable injury. This threat of future injury to RMCF's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the RMCF Marks, and to ameliorate and mitigate RMCF's injury.

## SECOND CLAIM FOR RELIEF
### (Lanham Act – Trade Dress Infringement)

61.    RMCF incorporates their previous allegations as if fully set forth herein.

62.    RMCF has established a unique and recognizable trade dress for its chocolate gourmet candies and other confectionary products such that the trade and the general public recognize those designs and quality as originating from RMCF.

63.    The trade dress includes continued use and display of the nearly identical color scheme, décor, furniture, fixtures, design and layout, display cases, labels, point of purchase materials, signs, and other items.

64.    These elements described above are non-functional.

65.    These elements described above are inherently distinctive and have secondary meaning and have identifying significance to the RMCF products and stores.

66.    Defendants' use of RMCF's unique trade dress in connection with the promotion of nearly identical chocolate candies and confectionary products is likely to cause confusion, mistake or deception as to the source or origin, sponsorship, or approval of Defendants' products in violation of 15 U.S.C. §1125(a)(1)(A).

## THIRD CLAIM FOR RELIEF
### (Lanham Act – Unfair Competition and False Designation)

15

67.     RMCF incorporates their previous allegations as if fully set forth herein.

68.     Defendants' acts, practices, and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of 15 U.S.C § l 125(a).

69.     Among other things, Defendants' sale of boxed chocolate candies and products that are substantially similar to or the same products offered for sale in RMCF Stores, and use of the Licensed Methods of operation of the Pete & Belle's store, has resulted in false designation of RMCF products, causing consumer confusion and harming RMCF.

70.     As a direct and proximate result of Defendants' unfair competition, RMCF has been and is likely to continue to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

71.     Plaintiff has no adequate remedy at law because the RMCF Marks and Licensed Methods are unique and represent to the public RMCF's identity, reputation, and goodwill, such that damages alone cannot fully compensate RMCF for Defendants' misconduct.

72.     Unless enjoined by the Court, Defendants and those acting in concert with them will continue to compete unfairly with RMCF, to the irreparable injury of RMCF. This threat of future injury to RMCF's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued unfair competition, and to ameliorate and mitigate RMCF injury.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

73.     RMCF incorporates their previous allegations as if fully set forth herein.

74.     Both Franchise Agreements are enforceable.

75.     At all times, RMCF complied with and fully performed all of its obligations under these agreements.

76.     Defendants have breached their obligations under both Franchise Agreements by failing and refusing to perform their post-termination obligations under both Franchise agreements, including, but not limited, to their obligations (i) to cease using the RMCF Marks and Licensed Methods; (ii) to surrender to RMCF all materials bearing any of the Marks; and (iii) to discontinue all use of RMCF's confidential and proprietary information.

77.     In addition, Defendants' continued operation of a business selling boxed chocolate candies and products that are substantially similar to or the same products offered for sale in RMCF Stores at the Pete & Belle's store violates their post-termination obligations to refrain from operating a Competitive Business.

78.     Defendants' continued operation of a Competitive Business, in violation of their obligations under both Franchise agreements, including the post-termination covenant not to compete, is likely to substantially injure RMCF in its business, including its goodwill and reputation resulting in harm for which RMCF has no adequate remedy at law.

79.     This threat of future injury to RMCF's business identity, goodwill, and repudiation requires that Defendants be ordered to perform their contractual obligations under both Franchise Agreements to prevent the Defendants' continued breach and to ameliorate and mitigate

RMCF's injury.

80.    Among other things, RMCF is entitled to an award of money damages for royalties on revenue generated by the Pete & Belle's store and also liquidated damages for each date Defendants have violated both Franchise Agreements.

81.    As a direct and proximate result of Defendants' action, RMCF has been damaged in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
### (Violation of Colorado Uniform Trade Secrets Act)

82.    RMCF incorporates their previous allegations as if fully set forth herein.

83.    As set forth above, Defendants have and will inevitably violate the Colorado Trade Secrets Act in operating a chocolate/confectionary retail and manufacturing store using RMCF's trade secrets and proprietary information.

84.    Defendants' use of the Licensed Methods is unlawful and constitutes misappropriation of RMCF's trade secrets.

85.    Defendants' conduct threatens RMCF with substantial, immediate and irreparable harm, and RMCF has no adequate remedy at law.

86.    RMCF is entitled to injunctive relief against Defendants, enjoining them from misappropriating RMCF's trade secrets and enforcing the non-competition covenants under both Franchise Agreements.

87.    Further, because Defendants' conduct misappropriating Defendants' trade secrets is willful, RMCF is entitled to statutory and/or treble damages.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment)

88.     RMCF incorporates their previous allegations as if fully set forth herein.

89.     Defendants are operating Competitive Businesses and using the Marks and Licensed Methods at the Restaurants in violation of their obligations under both Franchise Agreements.

90.     The expiration of the Kiosk Franchise Agreement, and Defendants' unilateral decision to permanently close the Spokane Store to violations, resulted in the termination of both Franchise Agreements.

91.     Despite receiving a demand to cease and desist violating the post-termination obligations under both Franchise Agreements, Defendants have evidenced an intent to continue operating their infringing store in violation of their post-termination obligations, including, without limitation, their obligations to cease using the RMFC Marks and Licensed Methods and to discontinue all use of RMCF's confidential and proprietary information.

92.     An actual and justiciable controversy exists between RMCF and Defendants with respect to the parties' respective rights and obligations under both Franchise Agreements.

93.     All necessary parties under C.R.C.P. 57(j) are before the Court.

94.     Pursuant to C.R.S. § 13-51-101 et seq. and C.R.C.P. 57, this Court may declare the respective rights, status, and other legal relations of RMCF and Defendants.

95.     RMCF is entitled to a declaratory judgment that both Franchise Agreements were terminated, and that Defendants are bound by the pre- and post-termination obligations set forth above.

## SEVENTH CLAIM FOR RELIEF

**(Preliminary and Permanent Injunction)**

96.     RMCF incorporates its previous obligations as if fully set forth herein.

97.     RMCF has a substantial likelihood of success on the merits of their claim due to the Defendants repeated and continued unauthorized use of RMCF's federally protected trademark, trade dress and business methods.

98.     RMCF has suffered, and continues to suffer, irreparable harm from the Defendant's violation of RMCF's federal trademark rights.

99.     The actions of Defendants have, and continue to create, consumer confusion, and this ongoing consumer confusion has caused and continues to cause irreparable harm to RMCF.

100.     Trademark infringement by the Defendants amounts to irreparable injury as a matter of law.

101.     Defendants' past breaches and continued breaches of their non-compete obligations are causing irreparable harm to RMCF.

102.     Despite a demand that Defendants cease their conduct, Defendants have refused and continued their wrongful conduct such that the issuance of a preliminary and permanent injunction is required to put an end to their wrongful conduct.

103.     RMCF lacks a plain, speedy and adequate remedy at law for Defendants' wrongful conduct.

104.     The public interest and equities favors RMCF, and disfavors Defendants, given RMCF's federally protected trademark, trade dress and business methods.

105.     Preliminary and permanent injunctive relief will preserve the status quo by affirming RMCF's federally protected trademarks, trade dress and business methods.

20

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rocky Mountain Chocolate Factory, Inc. respectfully prays for the following relief against Defendants Bruce Blackmer, Candice Blackmer, Aaron Blackmer, Rachelle Blackmer, and ARCB, LLC:

1.      A preliminary and permanent injunction enjoining Defendants, their agents, servants and employees, and those people in active concert or participation with them from operating a Competitive Business in violation of the terms of both Franchise Agreements.

2.      An order preliminarily and permanently enjoinng Defendants for a period of two (2) years following the termination of both Franchise Agreements, from having any direct or indirect interest, or period services for, any Competitive Business within a ten (10) mile radius of any RMCF Store.

3.      A preliminary and permanent injunction enjoining the Defendants, their agents, servants and employees, and those people in active concert or participation with Defendants following termination of both Franchise Agreements, from:

a.      Using the RMCF Marks or any trade mark, service mark, logo or trade name that is confusingly-similar to the RMCF Marks;

b.      Otherwise infringing RMCF Marks or using any similar designation, alone or in combination with any other components;

c.      Passing off any of his products or services as those of RMCF or its authorized franchisees;

d.      Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of his businesses, products or services;

e.      Causing a likelihood of confusion or misunderstanding as to his affiliation, connection or association with RMCF and its franchisees or any of RMCF's products or services;

f.      Unfairly competing with RMCF or its franchisees in any manner; and

g.      Misappropriating trade secrets and other confidential or proprietary information belonging to RMCF, including its Licensed Methods;

4.      An order pursuant to 15 U.S.C. § 1118 and both Franchise Agreements that, following termination of both Franchise Agreements, Defendants remove from the Kiosk Store and the Pete & Belle's store (both interior and exterior) all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, and advertisements, as well as any other confusingly-similar designations and items bearing the RMCF's Marks, and deliver to RMCF all of the same that are in the possession of Defendants, their affiliates, subsidiaries, officers, agents, servants and employees, and those people in active concert or participation with them, all at Defendants' cost;

5.      An order that, following termination of both Franchise Agreements, Defendants be required to promptly eliminate their advertising under the RMCF Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings, all at Defendants' cost;

6.      An order that Defendants be required to file with the Court and to serve upon RMCF's counsel within ten (10) days after entry of any injunction order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

7.      An order that Defendants account and pay over to RMCF all gains, profits and advantages derived by them as a result of their infringement of the RMCF Marks and trade dress, breach of contract, unfair competition, and misappropriation of trade secrets;

8.      An order that Defendants pay to RMCF such damages as RMCF have sustained by reason of said trademark and trade dress infringement, breach of contract, unfair competition, and misappropriation; and that, because of the willful nature of said infringement, the Court enter judgment for RMCF for three times the amount of said damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 and/or statutory treble damages pursuant to the Colorado Uniform Trade Secrets Act;

9.      An award of damages equal to the past due amounts owed, the net present value of the royalties and marketing and promotion fees that would have become due had Defendants not defaulted under both Franchise Agreements and such other damages proven at trial of this matter;

10.     A declaratory judgment that both Franchise Agreements were terminated based upon the terms therein and Defendants' breaches of both Franchise Agreements, including but not limited to their abandonment of the Spokane Store and operation of a Competing Business;

11.     An order directing Defendants immediately to perform their contractual post-termination obligations under both Franchise Agreements, including, without limitation, their obligations:

a.      To pay all royalties and other amount owed to RMCF and its affiliates pursuant to both Franchise Agreements or otherwise;

b.      To take any and all necessary steps to cancel and/or transfer to RMCF any

telephone numbers associated with the RMCF Marks used in connection with the
operation of the Kiosk Store and Pete & Belle's store; and

c.    To return to RMCF all operating manuals and other materials provided to
Defendants in connection with the operation of the Kiosk Store and the Spokane
Store, and all materials bearing any of the RMCF Marks;

12.    An award of the costs and expenses, including reasonable attorney's fees, incurred
by RMCF in connection with this action as provided for by statute and both Franchise Agreements;

13.    An award of prejudgment interest; and

14.    Such other and further relief as the Court deems just and proper.


FEBRUARY 18, 2022.


                        Respectfully submitted,

                        MOYE WHITE LLP

                        /s/ William F. Jones
                        William F. Jones (#35294)
                        MOYE WHITE LLP
                        16 Market Square, 6th Floor
                        1400 16th Street
                        Denver, CO 80202-1486
                        Telephone: (303) 292-2900
                        E-mail: billy.jones@moyewhite.com

                        *Attorneys for Plaintiff Rocky Mountain Chocolate
                        Factory, Inc.*

Plaintiff's Address
265 Turner Drive
Durango, CO 81301